WIRT ADAMS, STATE REVENUE AGENT, *v.* EDWARD SCHWARTZ
ET AL.

TAXATION.   *Back taxes.   State revenue agent.   Laws 1894, p. 29.   Prop-
erty purchased with legacy.*

An assessment for back taxes, which should have been paid in his
lifetime by a testator, on money, stocks, bonds, and solvent credits
owned by him, cannot be made at the instance of the state reve-
nue agent against property which never belonged to the testator,
and upon which the taxes were paid, although it was purchased
by the legatees with their legacies.

FROM the circuit court of Adams county.

HON. JEFFERSON TRULY Judge.

Adams, state revenue agent, appellant, was plaintiff in the
court below; Edward Schwartz and others, the legatees of J.
C. Schwartz, deceased, appellees, were defendants there.

J. C. Schwartz died February 1, 1890, having made a will.
It was executed and the executors discharged, March 21, 1891.
The state revenue agent sought to assess for back taxes.   The
case was heard in the circuit court of Adams county on the
following agreed facts: "J. C. Schwartz resided in Adams
county, Mississippi, for many years prior to the year 1886,

continuously to February 1, 1890, when he died. He had, when he died, and for several years prior thereto, considerable estate, of real and personal property, in said county—the personalty consisting, in part, of money, bonds, and stocks; and all of his property was disposed of by his will, duly made, which will was probated in said county soon after his death, and letters testamentary thereof granted on February 10, 1890, to W. P. Stewart and J. Ed Schwartz, the executors therein named; and on the 21st day of March, 1891, his executors were discharged by the court, his estate having been distributed according to the will. In said will J. C. Schwartz bequeathed to his daughter, Mrs. Estelle S. Carson, a legacy of $40,000; to his son, J. Ed Schwartz, a legacy of $10,000; to his daughter, Mrs. Agnes Metcalf, a legacy of $40,000, and to his daughter, Mrs. Kate S. Stewart, a legacy of $10,000; and to each of said children he devised separate pieces of real estate, and made them equal residuary legatees after payment of the specific legacies. The state revenue agent has caused to be assessed for back taxes from 1886 to 1899, inclusive, a large sum of bonds, notes, stocks, solvent credits, and money alleged to be taxable to the said decedent, as having escaped taxation while owned by him, as will appear from a copy of the assessment, made Exhibit A to this agreement. Notices of the assessment were duly given to Mrs. Estelle S. Carson, Mrs. Agnes Metcalf, Mrs. Katie S. Stewart, and J. Ed Schwartz, the beneficiaries under the will of their deceased father, J. C. Schwartz. The legacies bequeathed to the above-named children of J. C. Schwartz were paid to them and his estate distributed prior to February 1, 1891, and it is not claimed by the state revenue agent in this proceeding that since the distribution of decedent's estate any of the property distributed has escaped taxation by reason of not having been assessed. While they received the real estate and legacies devised and bequeathed to them, Mrs. Katie S. Stewart, Mrs. Estelle S. Carson, Mrs. Agnes Metcalf, and J. Ed Schwartz never owned or

held jointly any real estate or any of said personal property which the state revenue agent has attempted to have assessed for back taxes; nor do J. Ed Schwartz, Mrs. Katie S. Stewart, or Mrs. Estelle S. Carson now own or hold, either jointly or separately and individually, any of the property of any kind owned by their father at the time of his death. Mrs. Carson is now, and has been for a number of years past, a resident of the state of Kentucky, and has no property of any kind in Mississippi; and Mrs. Katie S. Stewart and J. Ed Schwartz have invested the legacies received under their father's will in property which they now own, and upon which the taxes have been paid. Mrs. Stewart, Mrs. Carson, and J. Ed Schwartz claim that, as they own or hold none of the property owned by their father at the time of his death, they cannot be held personally for any taxes that may be taxable against personal property owned by their father, nor can the property acquired by them with their legacies be subjected to the payment of any taxes that may be assessed against the personal property held by their father during his life or at the time of his death. They also further claim that said assessment, of which Exhibit A is a copy, is void for indefiniteness, in that it does not state what amount of money on deposit, or what bonds or notes or stocks, with the values of each, have escaped taxation. Mrs. Carson makes the further claim that, as she has no property of any kind in Mississippi, said assessment, in any view, must be stricken off as to her. The claim of the state revenue agent is that the decedent, in his lifetime, might have been assessed for any property which had escaped taxation in former years, and that any other property owned by the said decedent might have been subjected to the payment of taxes assessed, and that the legatees and devisees of the said Schwartz who have received his estate under his will hold said estate, and any property in which it has been invested, subject to be taken for the taxes now sought to be assessed on property which has escaped taxation. The revenue agent does not claim the right to assess such

property, but only the right to assess against the legatees and distributees the property which, in the hands of the decedent, had escaped taxation, and for which he would have been assessed, and that the property in the hands of the legatees and devisees, or any property in which it has been invested, may be charged with said taxes as should have been assessed, as if his will had not been made or he had not died. The revenue agent further claims that said assessment, of which Exhibit A is a copy, is sufficient, and is not defective or void for indefiniteness. For the purpose of presenting the isolated legal question as to which claims are correct, and without prejudice to either party in any further stage of the case as to the real facts, if different from this statement, it is agreed, so far as Mrs. Stewart, Mrs. Carson, and J. Ed Schwartz are concerned, that the case may be disposed of by the board of supervisors and by the circuit court and by the supreme court on appeal; and that this statement of facts, with said Exhibit A thereto, shall constitute the whole record of this case." In the circuit court there was a judgment discharging the assessment against the heirs of said Schwartz. From that judgment the state revenue agent appealed.

*Tim E. Cooper,* for appellant.

[The brief of counsel for appellant is lost from the record, and could not be found by the reporter.]

*J. A. P. Campbell* and *E. E. Brown,* for appellees.

The proposition that the revenue agent may cause an assessment to be made of the estate of a decedent, and proceed against anything which was of the estate, but had not escaped taxation by reason of not being assessed (having been assessed and paid on), is not maintainable. By the act of 1894, sec. 3, the assessment is to be of specific property, real or personal; if of real estate, and the taxes assessed on it shall not be paid in thirty days, it shall be sold as provided by § 3850 of the code, and,

"if it (the property assessed) be personalty," collection is to be by distress or otherwise. The language of the law has no reference to anything except taxable property, real or personal, which escaped taxation by reason of non-assessment, and it is now to be assessed as it should have been before, and proceeded against. The idea that ten or twelve years after one has died, and his estate has been distributed, property in the hands of legatee or distributee, or divisee, or heir, which was assessed and paid on, may now be assessed for taxes which other property should have been assessed for, is not predicable of the statute of 1894, or of principles of justice. Counsel disclaims the purpose to assess property of the defendants (appellees), even though it was received under the will and says that he proposes to assess the property of the deceased testator, as if he was living, and then go against them for the taxes assessed against the escaped property of the decedent, and for which he would have been assessed, which in their hands, or in any in which it has been invested, may be charged with such taxes as if the testator was living. What is this but to obtain a decree against a dead man and have execution of it against devisees and legatees or distributees?

We all understand that a judgment or decree against a dead person is a nullity; even a judgment against two, one of whom is dead, is null. *Weis* v. *Aaron,* 75 Miss., 138. And yet this proceeding is against devisees and legatees to fix liability on the decedent, and consequently on them, because they were beneficiaries under his will. It is as if the state, county, and city were creditors of the decedent, and had brought their bill in chancery against the recipients of his estate to charge them as trustees of what were assets, to which they had a prior right. We understand that kind of suit, but this proceeding under chapter 34, laws of 1894, is beyond our comprehension. Manifestly, the case is unprovided for by the law, and requires new legislation to meet it. If property which had escaped taxation was in the hands of one who had derived it from a decedent, it

might be proceeded against under the act. The notice could be given to the owner of the property, and the law be complied with.

Can the equities between the devisees and legatees be adjusted by the board of supervisors in this proceeding? One got property that had been assessed and paid on. Another got money that may have been obtained by sale of property duly assessed and paid on, etc. How can justice be done and equities be adjusted by this proceeding? Can the one who received property that did not escape taxation be made to pay for taxes on what another received which had escaped? It is preposterous! It demonstrates the inadmissibility of this proceeding, and the necessity of further legislation to meet such a case. To treat a decedent as living, and proceed as if he were, is new in our jurisprudence, which must grow considerably to make it allowable.

Argued orally by *Tim E. Cooper,* for appellant, and by *J. A. P. Campbell,* for appellees.

WHITFIELD, C. J., delivered the opinion of the court.

Nothing more is necessary to show the correctness of the judgment appealed from than to read the agreed statement of facts, which the reporter will set out in full, and sec. 3, ch. 34, laws 1894. It is expressly agreed that the appellees never owned any of the specific property which the revenue agent is attempting to have back-assessed, and that they do not now own any of it when this back assessment is attempted—any of the property of any kind owned by their father at the time of his death. It is further agreed that the two resident distributees have invested the legacies received by them under their father's will in property which they now own, and upon which last property all taxes have been paid. True enough, if the deceased were alive he might be back-assessed. But he is dead; the property he left, not in existence to be assessed; and the

effort here is, because he might, if alive, be back-assessed for any property he owned which had escaped taxation by reason of not having been assessed, and since in such case any other property owned by the decedent might, by proper proceedings, have been subjected to the payment of the taxes assessed, that, therefore, the legatees and devisees of the said Schwartz, who have received his estate under his will, hold said property received under said will, and any other different property into which it may have been converted, subject to be taken for the taxes now sought to be assessed on property which has escaped taxation. The revenue agent claims no right to back-assess the specific property now in the heirs' hands, but he claims that he has the right to charge this specific property, now owned by appellees, never owned by decedent, with these back taxes, just as if the decedent were alive. It is too plain for discussion that laws 1894, ch. 34, covers no such case. If property which had escaped taxation was in the hands of one who had received it from a decedent, the act would apply, for the person having the property could be notified. It is entirely incongruous to apply this act to this case, proceeding *nunc pro tunc,* as if the decedent were alive. It would be a most unique and bizarre sort of *nunc pro tunc* proceeding. The power of the revenue agent is doubtless very great. Some faint impression of that sort has gotten abroad. But, confessedly great as it is, here it must stop with the grave. There can be no *nunc pro tunc* resurrection of the dead, for the mere purpose of back taxation. It is doubtful, much as we love life, if Mr. Schwartz would consent to resurrection if the light of life was to be returned only long enough to enable the revenue agent to effectually fix him with the back-tax machinery. Certainly the statute has not provided for an *in invitum* resurrection of that sort. Only property assessed is bound for taxes. The purpose of sec. 3 is to back-assess upon property, which has escaped taxation, its own taxes, not by suit to charge such taxes upon, and make them out of, other and different property. Whatever the legis-

lature may do as to this last, it has not done it by this act. Plainly, the effort here is to obtain a decree against a dead man, and satisfy it out of property in the hands of legatees, which specific property the dead man never himself owned, but which has been bought with the proceeds of property received from the ancestor and devisor. Most manifestly the act of 1894 authorizes no such proceeding.

*Affirmed.*